UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-193-MOC

| | |
|---|---|
| **NEW EXCELSIOR, INC.,** | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| | ) **ORDER** |
| **AMUT DOLCI BIELLONI SRL,** | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the Court on a Motion for Attorney Fees, filed by Defendant Amut-Comi Srl ("Amut-Comi"), pursuant to LCvR 7.1 and N.C. GEN. STAT. § 6-21.5. (Doc. No. 21).

## I. BACKGROUND

This is a breach of contract action involving a printing press that Plaintiff New Excelsior bought from Italian company Amut Dolci Bielloni Srl. Plaintiff also originally named Amut-Comi Srl ("Amut-Comi") as a Defendant. On May 5, 2022, Defendant Amut-Comi filed a motion to dismiss it as a party. (Doc. No. 12). Plaintiff agreed to dismissal of Amut-Comi, and the Court dismissed Amut-Comi on June 22, 2022. (Doc. No. 16). On July 6, 2022, Amut-Comi filed the pending motion for attorney fees, arguing that attorney fees are warranted under N.C. GEN. STAT. § 6-21.5. (Doc. No. 21). The Court held a hearing on the motion on September 22, 2022. This matter is ripe for disposition.

## II. DISCUSSION

"In any civil action . . . the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete

1

absence of a justiciable issue of either law or fact raised by the losing party in any pleading." N.C. GEN. STAT. § 6-21.5. However, "[t]he filing of a general denial or the granting of any preliminary motion" is not sufficient on its own, to support an award of attorneys' fees, "but may be evidence to support" such an award. Id.

To award attorney fees pursuant to N.C. GEN. STAT. § 6-21.5, the trial court must find either that a party should "reasonably have been aware, at the time the complaint was filed, that the pleading contained no justiciable issue" or that the party "persisted in litigating the case after the point where [it] should reasonably have become aware that the pleading [it] filed no longer contained a justiciable issue." Brooks v. Giesey, 432 S.E.2d 339, 342 (N.C. 1993); see also McLennan v. Josey, 785 S.E.2d 144, 148–49 (N.C. Ct. App. 2016).

Here, Defendant argues that Plaintiff, along with its representatives, knew from the beginning that Amut-Comi had nothing to do with the sale or service of the printing machine, but Plaintiff still named Amut-Comi as a defendant. Defendant contends that this Court should hold Plaintiff accountable for its baseless allegations against Amut-Comi and for its continued pressing of the litigation when it knew such allegations were nonjusticiable as to Amut-Comi.

In response, counsel for Plaintiff has submitted an affidavit explaining, among other things, that when he was retained to represented Plaintiff, he was approaching a statute of limitations deadline and had to make a quick decision about what parties to sue. (Fitzgerald Aff. ¶¶ 5–6). Counsel explains that he named Amut-Comi to ensure he did not commit malpractice. See (Id. ¶ 7–17, Exs. 1–10). Counsel Fitzgerald explains that Defendant Amut Dolci Bielloni Srl's own documents and emails contain references to many different entities or groups of entities; that Amut had not registered its entities with the North Carolina Secretary of State, even though it was required to do so as it transacts major business here; and that Amut went through a

merger, such that it was not clear what entities still existed and had assumed warranty obligations. (Id. ¶ 8–10, 15–16, Exs. 1–3, 8–10; ECF Nos. 2 and 3 corporate disclosures showing mergers). As such, counsel, translating documents from Italian, found two possible surviving entities in Italy, suing them both. (See generally Fitzgerald Aff.). Counsel explains that Plaintiff never intended any ill-will, extra work, or even sloppiness by originally including Amut-Comi as a named Defendant. (Id. ¶ 19).

The Court has considered each sides' arguments and evidence and declines to award attorney fees. Naming the correct corporate entity when a large company has multiple corporate forms and names is so common that considering naming one improperly a sanctionable offense would be a problematic policy for attorneys trying to appropriately advocate for their clients. Moreover, Plaintiff's counsel has explained persuasively that he was approaching a statute of limitations and wanted to ensure he named the proper Defendant.

### III. CONCLUSION

The Court therefore **DENIES** Defendant Amut-Comi's Motion for Attorney Fees. (Doc. No. 21).

**IT IS SO ORDERED**.

Signed: October 17, 2022

Max O. Cogburn Jr
United States District Judge

3

Case 1:21-cv-00193-MOC-WCM   Document 34   Filed 10/17/22   Page 3 of 3